White, P.J.
 

 Plaintiff appeals as of right the order granting summary disposition pursuant to MCR 2.116(C)(7) in this action alleging a first-party no-fault claim for personal protection insurance (pip) benefits and a third-party claim for personal injury. We reverse and remand.
 

 
 *249
 
 i
 

 According to plaintiff’s complaint, on March 26, 1998, she was a passenger on a bus owned by defendant Suburban Mobility Authority for Regional Transportation (smart) and driven by defendant Vincent Mark. At the same time, defendant Michael Parke
 
 [1]
 
 was driving his vehicle east on Jefferson near the bus. Mark and Parke began driving erratically, and as a result the bus was forced to come to a sudden and abrupt stop. Plaintiff was injured during the stop. The complaint alleged that both Mark and Parke were negligent and breached their duties of care, and that smart was liable for plaintiff’s injuries as the owner of the vehicle driven by Mark.
 

 Plaintiff’s complaint was filed on February 3, 2000. Defendants smart and Mark moved for summary disposition, asserting that plaintiff failed to comply with the sixty-day notice provision of MCL 124.419 for parties asserting claims against transportation authorities. Defendants asserted that they first received notice from plaintiff that she was involved in an accident on or about June 16 or 26, 1998,
 
 [2]
 
 when plaintiff mailed a postcard to them that requested an “incident report” regarding an accident that occurred on March 26, 1998. The postcard did not indicate that plaintiff suffered any injuries. The first notice that defendants received of plaintiff’s injuries was on September 8, 1998, when plaintiff appeared at smart’s office to request an application for no-fault benefits. Thus, defendants argued that MCL 124.419 barred plaintiff’s claim because she failed to notify them of her claim
 
 *250
 
 within sixty days of the accident. Plaintiff argued in response that MCL 124.419 is unconstitutional, that the statute is superseded by the Michigan no-fault act, and that defendants waived compliance with the statute by failing to show prejudice. After a hearing on defendants’ motion, the circuit court granted summary disposition in favor of defendants. The circuit court reasoned that there was a rational basis for the notice provision and that there is no requirement in the statute that defendants show prejudice from the failure to give timely notice.
 

 n
 

 Plaintiff first argues that the circuit court erred in finding that MCL 500.3145 did not supersede MCL 124.419. Statutory interpretation is a question of law that we review de novo.
 
 People v Webb,
 
 458 Mich 265, 274; 580 NW2d 884 (1998).
 

 MCL 124.419 provides:
 

 All claims that may arise in connection with the transportation authority shall be presented as ordinary claims against a common carrier of passengers for hire: Provided, That written notice of any claim based upon injury to persons or property shall be served upon the authority no later than 60 days from the occurrence through which such injury is sustained and the disposition thereof shall rest in the discretion of the authority and all claims that may be allowed and final judgment obtained shall be liquidated from funds of the authority: Provided, further, That only the courts situated in the counties in which the authority principally carries on its function are the proper counties in which to commence and try action against the authority.
 

 MCL 500.3145(1) provides:
 

 
 *251
 
 An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor’s loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury.
 

 Plaintiff asserts that these two statutes are in conflict and that MCL 500.3145, as the more recent statute, applies.
 

 We conclude that the no-fault act, MCL 500.3101
 
 et seq.,
 
 supersedes the notice statute, MCL 124.419, with regard to the claim for first-party no-fault pip benefits, but not with regard to the third-party claim for personal injury.
 

 The notice statute speaks of claims being brought as “ordinary claims against a common carrier of passengers for hire.” The claim for no-fault pip benefits is a statutory claim unrelated to defendant smart’s status as a common carrier. Further, under the no-fault act, defendant smart is the equivalent of an insurer. MCL 500.3101(4). The no-fault act has its own notice requirements for filing claims for pip benefits. MCL
 
 *252
 
 500.3145. We think it clear that the Legislature did not intend that a person entitled to no-fault pip benefits under the act forfeit those benefits for failure to adhere to a notice requirement that is inconsistent with the periods allowed by the no-fault act. Further, the Legislature did not contemplate that a bus passenger with her own insurance would have one year to provide notice to her carrier, and a bus passenger injured in the same accident, but who does not have her own insurance, would have sixty days to provide notice to the transportation authority in whose bus she was injured, simply because the transportation authority is self-insured.
 

 The no-fault act contemplates that the transportation authority, as owner of the bus, will maintain insurance or be held to all the obligations of an insurer, including to pay PIP claims that are valid and timely under the no-fault act. We conclude that the notice provisions of MCL 124.419 are inapplicable to the statutory no-fault claim for first-party pip benefits.
 

 HI
 

 Plaintiff also argues that the circuit court erred in finding that the sixty-day notice provision in MCL 124.419 is constitutional. Constitutional issues are questions of law that this Court reviews de novo.
 
 In re Hawley,
 
 238 Mich App 509, 511; 606 NW2d 50 (1999). However, constitutional issues will not be passed upon when other dispositive questions are raised.
 
 Lisee v Secretary of State,
 
 388 Mich 32, 40-41; 199 NW2d 188 (1972).
 

 The circuit court ruled that defendants could assert the sixty-day notice provision as a bar without the
 
 *253
 
 necessity of showing prejudice. In
 
 Brown v Manistee Co Rd Comm,
 
 452 Mich 354, 365-368; 550 NW2d 215 (1996), our Supreme Court reaffirmed the requirement that a governmental agency asserting a statutory notice defense show actual prejudice from the failure to provide the notice, recognizing the continued validity of the Court’s observation in
 
 Hobbs v Dep’t of State Hwys,
 
 398 Mich 90; 247 NW2d 754 (1976), that actual prejudice to the governmental agency resulting from the lack of notice within the 120 days at issue in
 
 Hobbs
 
 was the only legitimate purpose the Court could posit for the notice provision. The notice provision involved here is indistinguishable, except that it is shorter. In neither provision is a prejudice requirement expressly set forth. We thus conclude that the circuit court erred in ruling that actual prejudice was not required. We remand to the circuit court for further proceedings consistent with this opinion.
 

 Reversed and remanded. Jurisdiction is not retained.
 

 [1]
 

 Defendant Parke is not a party to this appeal.
 

 [2]
 

 The postmark is unclear.