783 N.W.2d 124 (2010)
NUCULOVIC
v.
HILL.
Docket No. 280216.
Supreme Court of Michigan.
Submitted January 7, 2009, at Detroit.
Decided January 5, 2010, at 9:10 a.m.
*126 Sommers Schwartz, P.C. (by Samuel A. Meklir), Southfield, for plaintiff.
Zausmer, Kaufman, August, Caldwell & Tayler, P.C. (by Carson J. Tucker, Mark J. Zausmer, and Scott R. Reizen), Farmington Hills, for defendants.
Before: FORT HOOD, P.J., and WILDER and BORRELLO, JJ.
WILDER, J.
Plaintiff appeals as of right the trial court's grant of summary disposition in favor of defendants. We affirm.
In September 2005, plaintiff was driving a vehicle north on Harper Avenue, at an intersection with a highway entrance ramp, when defendant Johnny D. Hill, driving a bus owned by defendant SMART Bus, Inc. (SMART), turned left in front of her vehicle, causing a collision. Plaintiff sued defendants in 2006, more than 60 days after the accident, alleging injuries resulting from the negligence of defendants.
Defendants moved for summary disposition under MCR 2.116(C)(7), (8), and (10), on the ground that plaintiff failed to provide notice of her claim within 60 days of the accident, as required by MCL 124.419, a part of the Metropolitan Transportation Authorities Act, MCL 124.401 et seq. The trial court granted defendants' motion, and denied plaintiff's motion for reconsideration. This appeal ensued.
We review summary dispositions de novo. Willett v. Waterford Charter Twp., 271 Mich.App. 38, 45, 718 N.W.2d 386 (2006). Questions of law, such as construction of a statute, are also reviewed de novo. Morden v. Grand Traverse Co., 275 Mich.App. 325, 340, 738 N.W.2d 278 (2007).
Subrule (C)(7) permits summary disposition where the claim is barred by an applicable statute of limitations. In reviewing a motion under subrule (C)(7), a court accepts as true the plaintiff's well-pleaded allegations of fact, construing them in the plaintiff's favor. Hanley v. Mazda Motor Corp., 239 Mich.App. 596, 600, 609 N.W.2d 203 (2000). The Court must consider affidavits, pleadings, depositions, admissions, and any other documentary evidence submitted by the parties, to determine whether a genuine issue of material fact exists. Id. These materials are considered only to the extent that they are admissible in evidence. In re Miltenberger Estate, 275 Mich.App. 47, 51, 737 N.W.2d 513 (2007).
A motion for summary disposition under subrule (C)(8) tests the legal sufficiency of the pleadings alone. MCR 2.116(G)(5); Johnson-McIntosh v. Detroit, 266 Mich. App. 318, 322, 701 N.W.2d 179 (2005). Where the parties rely on documentary evidence, appellate courts proceed under the standards of review applicable to a motion made under MCR 2.116(C)(10), Healing Place at North Oakland Med. Ctr. v. Allstate Ins. Co., 277 Mich.App. 51, 55, 744 N.W.2d 174 (2007), or (C)(7).
A motion made under MCR 2.116(C)(10) tests the factual support for a claim, Campbell v. Kovich, 273 Mich.App. 227, 229, 731 N.W.2d 112 (2006), and should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, Healing Place, 277 Mich.App. at 56, 744 N.W.2d 174. When the burden of proof at trial would rest on the nonmoving party, the nonmovant may not rest upon mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial. Id. But again, such evidence is only considered to the extent that it is admissible. MCR 2.116(G)(6); Campbell, 273 Mich.App. at 230, 731 N.W.2d 112. A genuine issue of material *127 fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, leaves open an issue upon which reasonable minds could differ. Healing Place, 277 Mich.App. at 56, 744 N.W.2d 174.
Here, the trial court considered defendants' motion under MCR 2.116(C)(7), (8), and (10), but did not indicate under which subrule it granted it. Because the trial court considered evidence beyond the pleadings, we review the motion as though it were granted under MCR 2.116(C)(7) or (10).
MCL 124.419 provides:
All claims that may arise in connection with the transportation authority shall be presented as ordinary claims against a common carrier of passengers for hire: Provided, That written notice of any claim based upon injury to persons or property shall be served upon the authority no later than 60 days from the occurrence through which such injury is sustained and the disposition thereof shall rest in the discretion of the authority and all claims that may be allowed and final judgment obtained shall be liquidated from funds of the authority: Provided, further, That only the courts situated in the counties in which the authority principally carries on its function are the proper counties in which to commence and try action against the authority. [Emphasis added.]
"Shall" is mandatory. Roberts v. Farmers Ins. Exch., 275 Mich.App. 58, 68, 737 N.W.2d 332 (2007).
The Metropolitan Transportation Authorities Act does not define "claim." However, in CAM Constr. v. Lake Edgewood Condo. Ass'n, 465 Mich. 549, 554, 640 N.W.2d 256 (2002), relying on Black's Law Dictionary (7th ed.), the term "claim" was defined as the aggregate of operative facts giving rise to a right enforceable by a court. The statute at issue in this case requires that a claim be "based upon injury to persons or property...." MCL 124.419. Here, it is undisputed that plaintiff did not provide notice of a court-enforceable right based on a personal injury within 60 days of the date of the accident.
Plaintiff contends that defendants should not have been able to rely on MCL 124.419 in support of their motion for summary disposition, because they did not timely raise reliance on MCL 124.419 as an affirmative defense. Because plaintiff did not challenge below defendants' right to assert this statute as an affirmative defense, on the ground that it was not timely raised, the issue is not preserved. We therefore reject plaintiff's unpreserved claim. Coates v. Bastian Bros., Inc., 276 Mich.App. 498, 510, 741 N.W.2d 539 (2007), quoting Booth Newspapers, Inc. v. Univ. of Michigan Bd. of Regents, 444 Mich. 211, 234, 507 N.W.2d 422 (1993) ("`[i]ssues raised for the first time on appeal are not ordinarily subject to review'" in a civil case). This Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented. Johnson Family Ltd. Partnership v. White Pine Wireless, LLC, 281 Mich.App. 364, 377, 761 N.W.2d 353 (2008). We do not find any of these exceptions to be applicable.
We next address plaintiff's various arguments that MCL 124.419 does not apply here. We hold that it does apply.
When construing a statute, we use well-established principles, and begin by consulting the specific statutory language. Provider Creditors Comm. v. United American Health Care Corp., 275 *128 Mich.App. 90, 95, 738 N.W.2d 770 (2007). This Court gives effect to the Legislature's intent, as expressed in the statute's terms, giving the words of the statute their plain and ordinary meanings. McManamon v. Redford Charter Twp., 273 Mich.App. 131, 135, 730 N.W.2d 757 (2006). "When the language poses no ambiguity, this Court need not look beyond the statute or construe the statute, but need only enforce the statute as written." Id. at 136, 730 N.W.2d 757. "This Court does not interpret a statute in a way that renders any statutory language surplusage or nugatory." Id.
Plaintiff argues that MCL 124.419 is intended to prevent claims by phantom bus passengers, and, therefore, does not apply to claims by persons involved in a motor vehicle accident with a bus, while a passenger or driver of another vehicle. Plaintiff also argues that MCL 124.419 should apply only to claims based on common-carrier liability. We disagree.
Plaintiff's arguments find no support in the language of the statute. The statute applies, unambiguously, to "[a]ll claims that may arise in connection with the transportation authority ...." MCL 124.419 (emphasis added). There is no language suggesting that it applies only to claims involving bus passengers, or does not apply to claims involving injuries to nonpassengers, or that it only applies to common-carrier liability. To accept plaintiff's interpretation, would render nugatory the "[a]ll claims" language, which we lack authority to do. McManamon, 273 Mich. App. at 136, 730 N.W.2d 757. We apply the statute as written,[1] and reject this claim of error.
We also reject plaintiff's argument that MCL 124.419 does not apply because the action is premised on SMART's liability as the owner of the vehicle, under the owner liability statute, MCL 257.401, and not on its status as a common carrier. Contrary to what plaintiff suggests, MCL 257.401 and MCL 124.419 are not mutually exclusive. MCL 257.401 provides that the owner of a vehicle may be liable for the negligent operation of that vehicle. MCL 124.419 does nothing to negate the liability established by MCL 257.401; it only prescribes a notice requirement for presenting a claim against a transportation authority. And as previously indicated, MCL 124.419 applies to "[a]ll claims that may arise in connection with the transportation authority...." Thus, the fact that SMART may be subject to liability as the owner of a vehicle does not preclude the applicability of MCL 124.419.
Plaintiff also argues that to the extent MCL 124.419 applies, it applies only to claims against common carriers, and, therefore, would not apply to any claim against Hill, individually. In light of the statutory language indicating that the statute applies to "[a]ll claims that may arise in connection with the transportation authority," we must reject this claim as well. The broad language of the statute indicates that it encompasses plaintiff's claim against Hill, because the claim arises from Hill's operation of the bus as an employee of SMART.
Plaintiff also argues that MCL 124.419 does not apply because SMART has excess insurance that provides coverage for claims over $1 million. Plaintiff observes *129 that MCL 124.419 provides that claims "shall be liquidated from funds of the authority," and that the disposition of claims is within the discretion of the authority. Plaintiff argues that the availability of insurance necessarily limits SMART's authority regarding the disposition of a claim. We find it unnecessary to consider the merits of this argument, because plaintiff failed to show that there was an issue of fact concerning whether her claim might exceed $1 million, thereby triggering the availability of excess insurance. Further, plaintiff failed to show any potential availability of insurance for defendant Hill that would avoid the applicability of MCL 124.419. For these reasons, we reject plaintiff's arguments that MCL 124.419 is not applicable to this action.
Plaintiff also argues that, even if the notice requirement of MCL 124.419 is applicable, proper notice was given because SMART received a copy of the police report for the incident, and because both Hill and his supervisor prepared reports regarding the accident. We disagree. MCL 124.419 requires that "written notice of any claim based upon injury" be served upon the authority within 60 days of the date of the accident.
The term "service" is not defined in MCL 124.419, but the concept of service of process is well clarified in our court rules. Service of process is addressed in MCR 2.102, 2.103, and 2.104. Where service is to be made on a public corporation, MCR 2.105(G) provides that "[s]ervice of process... may be made by serving a summons and a copy of the complaint on" various officials, officers, or members. When process is served on an individual, it may be done by "delivering a summons and a copy of the complaint...." MCR 2.105(A)(1) (emphasis added). The requirements for proof of service include a description of the facts of service, including the time, place, and manner of service. MCR 2.104(A)(3). Thus, under our court rules, where service is not done by mail, service means delivery at a particular time and place. MCR 2.105(A)(1); MCR 2.104(A)(3). And such service is usually done by a process server. MCR 2.103. Plaintiff has no evidence of any delivery of her claim, much less formal delivery such as by a process server. And plaintiff has no "proof of service" as that term is used in the law.
Under MCR 2.105(H)(1), "[s]ervice of process on a defendant may be made by serving a summons and a copy of the complaint on an agent authorized by written appointment or by law to receive service of process." Under subrule (H)(2), "[w]henever, pursuant to statute or court rule, service of process is to be made on a nongovernmental defendant by service on a public officer, service on the public officer may be made by registered mail addressed to his or her office." MCR 2.105(H)(2). Here, there is no evidence that SMART received any notice by registered mail.
Furthermore, while the process in which service is made is well-specified in the court rules, the word "service" is not defined in either our court rules or in the statute at issue here. Therefore, we may consult a legal dictionary to define an undefined term that has a specific legal meaning. Snyder v. Advantage Health Physicians, 281 Mich.App. 493, 502, 760 N.W.2d 834, 839 (2008). In Black's Law Dictionary, the word "service" is defined as "[t]he formal delivery of a writ, summons, or other legal process...." Black's Law Dictionary (8th ed. 2008), p. 1399 (emphasis added).
As the trial court observed, while SMART had in its possession the police report and the reports prepared by Hill and his supervisor, plaintiff did not "serve" (formally deliver to) SMART notice of *130 plaintiff's claim for injury as service is defined in our court rules. Therefore, the trial court properly determined that the statutory notice requirement was not satisfied, and properly granted defendants' motion for summary disposition on this basis.
We disagree with the dissent's conclusion that our analysis in this case should be affected by the Supreme Court's order in Chambers v. Wayne Co. Airport Auth., 483 Mich. 1081, 765 N.W.2d 890 (2009), which denied leave to appeal this Court's opinion in Chambers v. Wayne Co. Airport Auth., unpublished opinion per curiam of the Court of Appeals, issued June 5, 2008 (Docket No. 277900). The Supreme Court had originally reversed the decision of the Court of Appeals, 482 Mich. 1136, 758 N.W.2d 302 (2008), but granted reconsideration, vacated its earlier order, and denied leave to appeal. 483 Mich. 1081, 765 N.W.2d 890 (2009).
First, this Court's opinion in Chambers was unpublished, and as such, it has no precedential force. MCR 7.215(C)(1); Marilyn Froling Revocable Living Trust v. Bloomfield Hills Country Club, 283 Mich.App. 264, 282-283, 769 N.W.2d 234 (2009). The Supreme Court's denial of leave to appeal, effectively affirming the result reached in that case, also has no precedential value. MCR 7.302(H)(3); Tebo v. Havlik, 418 Mich. 350, 363 n. 2, 343 N.W.2d 181 (1984).
Second and more substantively, Chambers is distinguishable from the present case. In Chambers, the plaintiff alleged that he fell in a puddle of water at the LC Smith Terminal of the Wayne County Airport. An officer employed by defendant Wayne County Airport Authority was flagged down by passersby, and this officer wrote up an incident report. Defendant Wayne County Airport Authority moved for summary disposition, arguing, in part, that the plaintiff failed to provide notice of the occurrence within 120 days as required by MCL 691.1406. The trial court denied the motion, and this Court affirmed.
MCL 691.1406 provides, in pertinent part:
As a condition to any recovery for injuries sustained by reason of any dangerous or defective public building, the injured person, within 120 days from the time the injury occurred, shall serve a notice on the responsible governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.
The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the responsible governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding. [Emphasis added.]
This Court concluded that the incident report prepared by the airport authority's employee was sufficient notice of the occurrence to satisfy the notice requirements of MCL 691.1406.
In the instant case, rather than requiring notice of an occurrence, MCL 124.419 specifically requires that notice of a claim be served on the SMART authority within 60 days of the accident. Therefore, even if the police reports in defendant SMART's possession constituted notice of some kind of an occurrence, they did not constitute notice of a claim to defendants. Plaintiff has failed to show that, from the police reports, the defendant authority had any way of knowing that plaintiff intended to file a claim for injury to her person or her *131 property because of the 2005 collision, much less what the claim would actually be. Thus, factually and as a matter of law, plaintiff has failed to satisfy the notice requirements of MCL 124.419.
Plaintiff also argues that the trial court erred by denying her motion for reconsideration. Plaintiff argued below that reconsideration was warranted, for reasons that we have previously addressed and rejected in this opinion. Because plaintiff failed to show that the trial court's original decision granting summary disposition was erroneous, the trial court did not abuse its discretion by denying plaintiff's motion for reconsideration. In re Beglinger Trust, 221 Mich.App. 273, 279, 561 N.W.2d 130 (1997).
In light of our ruling that plaintiff failed to provide notice as required by MCL 124.419, defendant's alternative argument regarding governmental immunity is moot. Mettler Walloon, LLC v. Melrose Twp., 281 Mich.App. 184, 221, 761 N.W.2d 293 (2008).
Affirmed. Defendant, being the prevailing party, may tax costs pursuant to MCR 7.219.
FORT HOOD, P.J., concurred.
BORRELLO, J. (concurring in part and dissenting in part).
I concur with the majority's analysis of plaintiff's claims of error on all issues except its analysis and conclusions regarding the notice and service of process requirements mandated by MCL 124.419. I respectfully dissent from the majority's conclusions that the police report and incident reports failed to satisfy the notice requirement of MCL 124.419 and that defendants were not properly "served" pursuant to the plain language of the statute. On the basis of my reading of the notice requirement stated in MCL 124.419, the police report and two incident reports, which defendants possessed, constituted legally sufficient notice under MCL 124.419 and, accordingly, I would reverse the granting of summary disposition and remand the matter to the trial court for further proceedings.
MCL 124.419 requires that a common carrier of passengers be served "written notice of any claim[.]" My disagreement with the majority's conclusion regarding whether notice was proper under MCL 124.419 is based on this Court's holding in Chambers v. Wayne Co. Airport Auth., unpublished opinion per curiam of the Court of Appeals, issued June 5, 2008 (Docket No. 277900), lv. den. 483 Mich. 1081, 765 N.W.2d 890 (2009). Although unpublished opinions of this Court are not precedentially binding under the rule of stare decisis, MCR 7.215(C)(1), such opinions can be persuasive. I am persuaded by this Court's decision in Chambers because it is consistent with longtime legal precedent in this state, which recognizes that notice, when required of an average citizen for the benefit of a governmental entity, need only be understandable and sufficient to bring to the defendant's attention the important facts, Brown v. Owosso, 126 Mich. 91, 94-95, 85 N.W. 256 (1901), and that notice provided by an average citizen must be construed liberally in favor of the citizen. Meredith v. Melvindale, 381 Mich. 572, 579, 165 N.W.2d 7 (1969).
In Chambers, a panel of this Court held that an incident report taken by employee of defendant Wayne County Airport Authority satisfied the statutory notice requirement in the public building exception to governmental immunity, MCL 691.1406. Chambers, unpub. op. at 3. In so ruling, this Court stated:
[I]t has nevertheless long been the case in Michigan that "notice," particularly where demanded of an average citizen for the benefit of a governmental *132 entity, need only be understandable and sufficient to bring to the defendant's attention the important facts. Brown v. City of Owosso, 126 Mich. 91, 94-95, 85 N.W. 256 (1901). The notice itself, therefore, should be liberally construed in favor of "the inexpert layman with a valid claim" who "should not be penalized for some technical defect." Meredith v. City of Melvindale, 381 Mich. 572, 579, 165 N.W.2d 7 (1969). What constitutes "a notice" is not, in fact, defined in the governmental tort liability act. MCL 24.205(4), MCL 462.107(3), and MCL 565.802(i) define the term in various ways that do not seem relevant except insofar as they are consistent with the dictionary definitions, all of which pertain to bringing knowledge to the attention of another. [Chambers, unpub. op. at 2 (emphasis in original).]
Although Chambers involved notice under the public building exception and this case involves notice under MCL 124.419, I find the analysis set forth by our Court in Chambers persuasive and would apply the same reasoning to the notice requirement contained in MCL 124.419. The majority asserts that Chambers is distinguishable from the present case because of distinctions in the notice required in MCL 691.1406 and MCL 124.419. I find that the statutes, while not identical, are sufficiently similar to apply the reasoning in Chambers to this case because both statutes concern an average citizen's providing notice. Moreover, the same concerns underlying this Court's rationale for liberally construing notice provided by an average citizen under the public building exception also apply to MCL 124.419. The notice provided by an inexpert layman with a valid claim should be liberally construed whether the layman is providing notice under the public building exception or notice under MCL 124.419.
As stated above, MCL 124.419 requires, quite simply, "written notice of any claim[.]" The majority suggests that in order to satisfy the "written notice of any claim" requirement of MCL 124.419, defendants must have known that plaintiff intended to file a legal claim. A "claim" is defined as "[t]he aggregate of operative facts giving rise to a right enforceable by a court[.]" Black's Law Dictionary (8th ed.). Thus, the legal dictionary definition of the word "claim" refutes any suggestion that, in order to provide notice sufficient under MCL 124.419, plaintiff was required to explicitly inform defendants that she intended to take legal action. To the contrary, based on the definition of the word "claim," plaintiff's duty to provide "written notice of any claim" encompassed the duty to notify defendants of the operative facts giving rise to a right enforceable by a court. In this case, the police report and the incident reports informed defendants of the date and time of the injury, the nature of any injures, and myriad surrounding facts, all of which combined to provide legally sufficient notice of the aggregate of operative facts giving rise to a right enforceable by a court. The conclusion that a police report or an incident report satisfies the notice requirement of MCL 124.419, as long as they contain the operative facts giving rise to a right enforceable by a court, is consistent with the purpose of the notice provision in MCL 124.419, which, pursuant to the plain language of the statute, is to apprise a common carrier that a claim is being asserted against it arising from injuries to a person or property. Statutory notice provisions like the one in MCL 124.419 should not be so strictly construed as to render it impossible for an average citizen to comply. See Brown, supra at 94-95, 85 N.W. 256. Therefore, I would hold that the trial court improperly concluded that plaintiff failed *133 to satisfy the notice requirement in MCL 124.419.
I additionally dissent from the majority's implication that in order to effectuate legally sufficient service under MCL 124.419, an injured party must fulfill the requirements of the court rules outlined in the majority's opinion, or must serve the entity by registered mail. Again, the plain language of MCL 124.419 imposes no such requirements. The Legislature is presumed to have intended the meaning it plainly expressed. Pohutski v. City of Allen Park, 465 Mich. 675, 683, 641 N.W.2d 219 (2002). A court may not read something into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself. Roberts v. Mecosta Co. Gen. Hosp., 466 Mich. 57, 63, 642 N.W.2d 663 (2002).
As the panel in Chambers recognized, when a term is not defined in a statute, it is appropriate to refer to dictionary definitions. The dictionary definitions of the term "notice" all "pertain to bringing knowledge to the attention of another." Chambers, unpub. op. at 2 (emphasis in original). Black's Law Dictionary (8th ed.) defines "serve" as "[t]o make legal delivery of (a notice or process)" or "[t]o present (a person) with a notice or process as required by law[.]" These definitions of "serve" are consistent with the notion of "bringing knowledge to the attention of another" and do not require, as the majority suggests, delivery of a summons and complaint or service by registered mail. Defendants do not contend, and the record does not support, a finding that defendants did not possess the police report and the two incident reports. Therefore, defendants' receipt of the police report, coupled with the incident reports, constituted legally sufficient service of notice pursuant to MCL 124.419.
On the basis of my analysis, because defendants' receipt of the police report or either incident report satisfied the written notice requirement and service of notice requirement set forth in MCL 124.419, I disagree with the majority that defendants were not properly "served" with legally sufficient notice of the incident under the plain language of MCL 124.419. Accordingly, I would reverse the grant of summary disposition in favor of defendants and remand the matter for further proceedings consistent with this opinion.
On all other issues, I concur with the analysis and conclusions stated in the majority's opinion.
NOTES
[1] Further, in Trent v. Suburban Mobility Auth. for Regional Transportation, 252 Mich.App. 247, 251-252, 651 N.W.2d 171 (2002), this Court held that the no-fault act, MCL 500.3101 et seq., supersedes the prescribed time period in MCL 124.419, with respect to first-party, no-fault personal protection insurance benefits, but not for third-party claims of personal injury. The case at bar is a third-party action.