# STATE OF MICHIGAN

# COURT OF APPEALS

NANCY LATESSA,

Plaintiff-Appellant,

v

MICHIGAN INSTITUTE OF UROLOGY, PC,
ST. JOHN PROVIDENCE HEALTH SYSTEM,
ST. JOHN MACOMB-OAKLAND HOSPITAL,
SCOTT SIRCUS, M.D., and GEORGE
CHRISTENSEN, D.O.,

Defendants-Appellees.

UNPUBLISHED
May 25, 2017

No. 331476
Macomb Circuit Court
LC No. 2014-003645-NH

Before: M.J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

Plaintiff, Nancy Latessa, appeals as of right the circuit court's order granting summary disposition in favor of defendants, pursuant to MCR 2.116(C)(7) on the grounds that her medical malpractice action was barred by the statute of limitations. We affirm.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

The alleged malpractice occurred during surgery on March 22, 2012. On March 18, 2014, plaintiff mailed a notice of intent to sue to the prospective defendants. This tolled the two-year limitations period, MCL 600.5805(6), for 182 days, MCL 600.5856(c), i.e., until September 16, 2014. On that date, the limitations period began to run again, and plaintiff had four days in which to file her complaint. Plaintiff filed her complaint on September 18, 2014, two days before the limitations period expired.

A summons was issued on September 18, 2014. Pursuant to MCR 2.102(D), a summons expires 91 days after plaintiff files the complaint. Within the 91-day period, with a showing of due diligence by the plaintiff in attempting to serve the original summons, the court may order a second summons to extend the time period for service. MCR 2.102(D). But no such action was taken in this case. The summons expired on December 18, 2014, without plaintiff having effectuated service. Pursuant to MCR 2.102(E)(1), upon expiration of the summons, "the action is deemed dismissed without prejudice" as to a defendant who has not been served and has not submitted to the court's jurisdiction. Accordingly, on December 30, 2014, the trial court entered

-1-

an order dismissing the case without prejudice for failure to serve process according to MCR 2.102(E)(2).

On January 7, 2015, plaintiff filed an emergency ex parte motion for an order reinstating the action pursuant to MCR 2.102(F) and to extend the summons for 120 days from December 18, 2014 (i.e., until April 17, 2015). The motion stated that the complaint was "inadvertently" not served "due to a clerical over [sic]. Specifically, Plaintiff's counsel had a changeover in legal assistants on the day the Complaint was filed." On January 22, 2015, the trial court ordered the case "reinstated as to all parties following this Court's dismissal on December 30, 2014," and granted plaintiff "an extended life of Summons" so that it was "now set to expire on April 17, 2015." Plaintiff served her complaint on defendant during that period.

On April 20, 2015, defendants St. John Providence Health System, St. John Macomb-Oakland Hospital, and George Christensen, D.O. (the St. John defendants) moved for summary disposition pursuant to MCR 2.116(C)(7). The St. John defendants argued that because plaintiff did not serve the complaint within 91 days after filing the complaint on September 18, 2014, the statute of limitations was not tolled under MCL 600.5856(a) and expired on September 20, 2014. Defendants Michigan Institute of Urology, PC, and Scott Sircus, M.D., filed a concurrence. In response, plaintiff argued that the original summons was revived and extended pursuant to MCR 2.102(D).[1] But the St. John defendants pointed out in their reply brief that plaintiff's reliance on MCR 2.102(D) was misplaced because plaintiff did not request an extension of the summons before the 91-day period for the summons expired. Following oral argument, the trial court granted summary disposition to defendants and subsequently denied plaintiff's motion for reconsideration.

## II. ANALYSIS

On appeal, plaintiff argues that the trial court erred in granting summary disposition to defendants. We disagree. We review the grant or denial of summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

A trial court may grant summary disposition pursuant to MCR 2.116(C)(7) when an applicable statute of limitations bars the claim. *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). The statute of limitations for a medical malpractice claim is two years. MCL 600.5805(6). As previously explained, plaintiff filed the complaint on September 18, 2014, two days before the limitations period expired, and a summons was issued on the same day. The filing of the complaint tolls the limitations period under MCL 600.5856(a), which provides:

---

[1] As we note elsewhere, plaintiff did not base its argument in the trial court on MCR 2.108(E).

The statutes of limitations or repose are tolled in any of the following circumstances:

(a) At the time the complaint is filed, *if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules*. [Emphasis added.]

Pursuant to MCR 2.102(D), a summons expires 91 days after the complaint was filed; however, within those 91 days, on a showing of due diligence by the plaintiff in attempting to serve the original summons, a trial court may order a second summons. Plaintiff did not serve the summons and complaint on defendants, nor did she seek an extension by way of obtaining a second summons at any time within those 91 days. Accordingly, defendants argued in the trial court that MCL 600.5856(a) did not toll the statute of limitations because plaintiff failed to serve them within the time set forth in the court rules, and thus, the limitations period expired on September 20, 2014.

On appeal, plaintiff contends for the first time that another court rule comes into play in wake of the trial court's January 22, 2015 order extending the life of the original summons through April 17, 2015, and cites to MCR 2.108(E), which states:

**(E) Extension of Time**. A court may, with notice to the other parties who have appeared, extend the time for serving and filing a pleading or motion or the doing of another act, if the request is made before the expiration of the period originally prescribed. After the expiration of the original period, the court may, on motion, permit a party to act if the failure to act was the result of excusable neglect. However, if a rule governing a particular act limits the authority to extend the time, those limitations must be observed.

MRE 2.108(E) provides that a trial court may extend the time for "serving and filing a pleading or motion or the doing of another act" where another rule does not otherwise limit the court's authority to do so. In *Arrington v Detroit Osteopathic Hosp Corp (On Remand)*, 196 Mich App 544; 493 NW2d 492 (1992), this Court illustrated the application of this rule in the context of a plaintiff's motion for a new trial. The plaintiff's decedent had died while undergoing medical treatment provided by the defendants for a gunshot wound. *Id.*, 196 Mich App at 547. Plaintiff lost at trial and filed motion for a new trial. *Id.* at 548. However, due to a miscommunication, plaintiff counsel's employee did not serve the motion on the defendants until two days after the 21-day period allowed by MCR 2.611(B).[2] *Id.* Nevertheless, the trial court considered and granted plaintiff's motion for an extension of time to serve the motion for a new trial, and issued a corresponding order. *Id.* The trial court granted plaintiff's motion for a new trial, ruling that the verdict was against the great weight of the evidence. *Id.* at 547. Upon the defendant's application for leave to appeal, this Court peremptorily reversed the trial court's

---

[2] MCR 2.611(B) provided then as it does now, "A motion for a new trial made under this rule or a motion to alter or amend a judgment must be filed and served within 21 days after entry of the judgment."

decision. *Id*. at 547. The plaintiff in turn filed an application for leave with the Michigan Supreme Court, which remanded the matter back to this Court for plenary consideration. *Id*. On remand, this Court observed that nothing in the plain language of MCR 2.611(B) limits a court's authority to extend the time for filing a motion for a new trial." *Id*. at 549. Accordingly, this Court concluded that the trial court "properly proceeded under MCR 2.108(E) in considering the requested extension of time." *Id*.

In the instant case, we find plaintiff's reliance on MCR 2.108(E) misplaced. MCR 2.108(E) is a general rule that authorizes courts to extend the time allotted by the court rules for "serving and filing a pleading or motion to the doing of another act." However, as the last sentence of that rule expressly indicates, the general rule gives way where a specific rule governs a particular act. Specifically, "if a rule governing a particular act limits the authority to extend the time, those limitations must be observed." MCR 2.108(E). The specific rule governing the issuance of summonses is MCR 2.102(D), which limits a trial court's authority to extend the time for the summons as follows:

> **(D) Expiration**. A summons expires 91 days after the date the complaint is filed. However, within those 91 days, on a showing of due diligence by the plaintiff in attempting to serve the original summons, the judge to whom the action is assigned may order a second summons to issue for a definite period not exceeding 1 year from the date the complaint is filed. If such an extension is granted, the new summons expires at the end of the extended period. The judge may impose just conditions on the issuance of the second summons. Duplicate summonses issued under subrule (A) do not extend the life of the original summons. . . .

Contrary to MCR 2.611(B), which imposes no limitation on the court's authority to extend the time for filing a motion for a new trial, MCR 2.102(D) does provide limitations on a court's authority to extend the time for serving a complaint through the grant of a second summons. Specifically, MCR 2.102(D) gives the court discretionary authority to extend the time for serving a complaint through the grant of a second summons to a plaintiff who requests a second summons while the first summons is still valid and who can show due diligence in attempting to serve the first summons. Because MCR 2.102(D) governs the expiration of summonses and the court's authority to extend the time to serve a complaint through the grant of a second summons, it "must be observed." MCR 2.108(E). Plaintiff characterizes the court's action as revising and extending the original summons, yet nothing in MCR 2.102(D) gives the court authority to so act. Thus, the trial court, as it has later acknowledged and corrected, was without authority to revive the expired summons when it attempted to do so on January 22, 2015. Further, the March 27, 2015 summons issued subsequent to the trial court's order that granted plaintiff's ex parte motion is more properly characterized as a second summons, which plaintiff obtained contrary to the requirements set forth in MCR 2.102(D) and after the statute of limitations had already expired.

Because plaintiff failed to serve defendants with the original summons and complaint within the time set forth in the court rules or otherwise timely seek a second summons in accordance with MCR 2.102(D), the statute of limitations in this case was not tolled under MCL 600.5856(a) by the filing of the complaint on September 18, 2014. Accordingly, the trial court

-4-

properly granted summary disposition in favor of defendants because plaintiff's medical malpractice action was barred by the statute of limitations.

Affirmed.

/s/ Michael J. Kelly
/s/ Jane M. Beckering