*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ERMIRA M. HENRY,

        Plaintiff-Appellant,

UNPUBLISHED
July 27, 2023

v

No. 363779
Macomb Circuit Court
Family Division
LC No. 2007-005215-DM

RICHARD L. HENRY,

        Defendant-Appellee.

Before: GADOLA, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Plaintiff, Ermira M. Henry, appeals as of right the trial court's order denying her motion to modify the existing custody order regarding the parties' minor child, but ordering the Friend of the Court (FOC) to further investigate her motion to modify parenting time. We vacate the trial court's order and remand for further proceedings.

## I. FACTS

In March 2016, the trial court granted defendant, Richard L. Henry, sole legal and physical custody of the parties' three minor children and suspended plaintiff's parenting time after plaintiff allegedly kidnapped the children. Plaintiff was charged with parental kidnapping and ordered to refrain from contacting the children. Plaintiff then left the state and reportedly was homeless for at least two years. According to plaintiff, she thereafter was able with assistance to obtain a more stable lifestyle and hired an attorney to address the kidnapping charge. The kidnapping charge was dismissed by the district court in July 2022. In August 2022, plaintiff returned to Michigan and moved to modify the custody order regarding the parties' youngest child.[1] Plaintiff's motion highlighted the alleged positive changes in her life and also described defendant's alleged wrongdoings and inadequacies as a parent.

---

[1] The child is seventeen years old; the parties' older children are no longer minors.

The trial court referred the matter to the FOC for investigation and recommendation on the issue of parenting time. The referee recommended that the trial court deny plaintiff's motion to modify custody but refer the request for parenting time to the FOC Custody Department for further investigation and recommendation. The referee also recommended that in the interim plaintiff be allowed phone contact with the child at least three times each week. Plaintiff objected to the referee's recommendation. Following a de novo hearing, the trial court adopted the referee's recommendation as a final order. Plaintiff now appeals.

## II. DISCUSSION

Plaintiff contends that the trial court erred by referring her motion to a referee without first holding a hearing, which plaintiff argues unnecessarily delayed the trial court's decision on her motion. We note initially that this issue is unpreserved. Generally, an issue is preserved for appellate review if it was raised before the trial court; an issue not raised before the trial court is waived. *Wells v State Farm Fire & Cas Co*, 509 Mich 855 (2022). Although plaintiff objected to the referee's recommendation and requested a de novo hearing, plaintiff did not challenge the trial court's initial referral of her motion to the FOC and thereby waived the issue. However, because this issue presents a question of law and the pertinent facts were developed before the trial court, we will overlook preservation requirements and consider plaintiff's challenge. See *Nuculovic v Hill*, 287 Mich App 58, 63; 783 NW2d 124 (2010) ("This Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented").

The purpose of the Child Custody Act (CCA), MCL 722.21 *et seq.*, is "to promote the best interests of the child and to provide a stable environment for children that is free of unwarranted custody changes." *Pennington v Pennington*, 329 Mich App 562, 570-571; 944 NW2d 131 (2019) (quotation marks and citation omitted). On appeal, all custody orders must be affirmed unless the trial court's findings were against the great weight of the evidence, the trial court committed a palpable abuse of discretion, or the trial court made a clear legal error on a major issue. MCL 722.28.

The CCA requires liberal construction and application to "establish promptly the rights of the child and the rights and duties of the parties involved." MCL 722.26(1). In this case, the trial court referred plaintiff's motion to the FOC referee without first holding a judicial hearing, which plaintiff contends caused unnecessary delay. We appreciate the time-sensitive nature of custody proceedings, but conclude that plaintiff has not demonstrated that the trial court failed to promptly resolve her motion. Defendant was granted sole custody of the child in March 2016, and plaintiff was denied parenting time. More than six years later, on August 29, 2022, plaintiff moved to modify custody and parenting time. By order dated September 19, 2022, the trial court referred the matter to the FOC for investigation and recommendation on the issue of parenting time. The referee held a hearing and issued a recommendation that same day. On October 11, 2022, plaintiff objected to the referee's recommendation and requested a hearing on the motion before the trial court. The trial court held the hearing on October 24, 2022, and issued its order denying modification of custody and ordering further FOC investigation of the issue of parenting time on October 26, 2022. Less than two months elapsed from the time plaintiff moved to modify custody and parenting time and the entry of the trial court's order. Particularly when compared with

plaintiff's failure to seek parenting time with the child for more than six years, we conclude that the trial court did not fail to promptly establish the rights of the child and the rights and duties of the parties involved when resolving plaintiff's motion.

We observe, however, that the trial court did not first determine whether proper cause or a change of circumstances had been demonstrated before denying plaintiff's motion to modify custody and referring the motion for parenting time to the FOC. To protect the stability of children, MCL 722.27 imposes a threshold requirement before a trial court may modify a custody or parenting time order. MCL 722.27(1)(c) provides that when a custody order is in place, a trial court may, with certain exceptions, "modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances." A party seeking to modify a custody or parenting time order thus must demonstrate proper cause or a change of circumstances, and the trial court must find that proper cause or a change of circumstances has been demonstrated before reaching the issue whether modification is in the best interests of the child. *Kuebler v Kuebler*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 362488); slip op at 13. In addition, when custody has been established by court order, the trial court shall order an FOC investigation "only if the court first finds that proper cause has been shown or that there has been a change of circumstances." MCL 552.505(1)(g); see also *Bowling v McCarrick*, 318 Mich App 568, 571; 899 NW2d 808 (2017).

The standard applicable to the threshold inquiry depends upon whether the moving party seeks to modify custody, modify parenting time, or to impose, revoke, or modify a condition of parenting time. *Kuebler*, ___ Mich App at ___; slip op at 13. The purpose of the proper cause or change of circumstances requirement in the context of a custody dispute is to "erect a barrier against removal of a child from an established custodial environment and to minimize unwarranted and disruptive changes of custody orders." *Shade v Wright*, 291 Mich App 17, 28; 805 NW2d 1 (2010) (quotation marks and citation omitted). This Court has explained:

> To establish a change of circumstances sufficient for a court to consider modifying a custody order, the movant must prove by a preponderance of the evidence that since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed. . . . [T]he evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. . . . [T]o establish "proper cause" necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court. . . . The appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude to have a significant effect on the child's well-being. [*Lieberman v Orr*, 319 Mich App 68, 81-82; 900 NW2d 130 (2017) (quotation marks and citations omitted; alterations in the original).]

If the moving party demonstrates proper cause or a change of circumstances, the trial court nonetheless "shall not modify or amend its previous judgments or orders or issue a new order so

as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." MCL 722.27(1)(c).

In the context of a request to modify parenting time, the same concerns do not exist if the modification will not alter an established custodial environment; rather, the main consideration in the context of parenting time is fostering a strong relationship between parent and child. MCL 722.27a(1); *Shade*, 291 Mich App at 28-29. Nonetheless, a party seeking to modify a parenting time order must demonstrate proper cause or a change of circumstances, and the trial court must find that proper cause or a change of circumstances has been demonstrated before reaching the issue whether modification is in the best interests of the child. *Kuebler*, ___ Mich App at ___; slip op at 13.

We conclude that the trial court in this case prematurely denied plaintiff's motion to modify custody and referred plaintiff's motion regarding parenting time to the FOC referee for investigation and recommendation without first determining whether plaintiff established proper cause or a change of circumstances, and thereby, to paraphrase this Court's statement in *Bowling*, 318 Mich App at 572, got "the custody cart before the threshold horse." Before denying the motion for change of custody and before directing the FOC to investigate modification of the parenting time order, the trial court was obligated to determine whether plaintiff had demonstrated proper cause or a change of circumstances. If plaintiff met her burden in that regard, the trial court was obligated to consider whether modification of the custody and parenting time order was in the child's best interests. The trial court erred by failing to make the threshold determination before denying the motion to modify custody and considering further the motion to modify parenting time. We therefore remand this case to the trial court for a determination whether plaintiff has established proper cause or a change of circumstances sufficient to warrant modifying the custody and parenting time order, and further proceedings if warranted by that determination.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Michael J. Kelly
/s/ Allie Greenleaf Maldonado