*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CATRINA BROWN, Personal Representative of the
ESTATE OF JIMMIE LEE BROWN,

       Plaintiff-Appellee,

v

UNIDENTIFIED EMPLOYEE OF SUBURBAN
MOBILITY AUTHORITY FOR REGIONAL
TRANSPORTATION,

       Defendant,

and

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORTATION,

       Defendant-Appellant,

and

PROGRESSIVE MARATHON INSURANCE
COMPANY,

       Defendant-Appellee.

UNPUBLISHED
March 21, 2024

No. 366526
Macomb Circuit Court
LC No. 2022-001691-NI

Before: CAVANAGH, P.J., and JANSEN and MALDONADO, JJ.

PER CURIAM.

Defendant, Suburban Mobility Authority for Regional Transportation (SMART), appeals as of right an order denying SMART's motion for summary disposition. We affirm.

This case arises out of a third-party negligence action resulting from a noncollision motor vehicle accident that occurred on June 30, 2021. Jimmie Lee Brown (Brown) was a passenger on

a SMART bus that was taking him home from an appointment for dialysis treatment. At the time, he was 75 years old, had trouble walking, and used a cane. Brown entered the bus, but before he could be seated, the bus driver accelerated, allegedly causing Brown to fall. He suffered head, back, hip, and shoulder injuries. Brown passed away from causes unrelated to the incident on December 16, 2022.

On July 27, 2021, SMART was served with a letter from Brown[1] dated July 21, 2021, which notified SMART that Brown had retained counsel after sustaining injuries on a SMART bus on June 30, 2021. On May 3, 2022, plaintiff filed a negligence action against SMART, alleging SMART was vicariously liable for the negligent acts of its bus driver, who was also named as a defendant (unidentified employee). Plaintiff also named Progressive Marathon Insurance Company as a defendant, and sought certain personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq.*[2] SMART moved for summary disposition under MCR 2.116(C)(7) and (C)(10). SMART argued that plaintiff's letter did not indicate any intent to sue SMART for ordinary claims that arose out of Brown's use of a SMART bus, and that SMART is a regional government transportation authority that is entitled to governmental immunity under the governmental tort liability act (GTLA), MCL 691.1401 *et seq.* SMART argued that plaintiff did not meet the notice requirement in MCL 124.419. The trial court disagreed, and denied SMART's motion. On appeal, SMART argues that plaintiff did not provide proper written notice of her intent to pursue a third-party tort claim against SMART under MCL 124.419.

This Court reviews summary disposition rulings de novo. *Henry Ford Health Sys v Everest Nat'l Ins Co*, 326 Mich App 398, 402; 927 NW2d 717 (2018). This Court views the evidence in the light most favorable to the nonmoving party. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Under MCR 2.116(C)(10), summary disposition is appropriate "if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id.* "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id.* A court may consider the entire record, including "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties" when deciding a motion under MCR 2.116(C)(10). *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). A motion for summary disposition under MCR 2.116(C)(7) tests whether a claim is "barred because of immunity granted by law, and requires consideration of all documentary evidence filed or submitted by the parties." *Wade v Dep't of Corrections*, 439 Mich 158, 162; 483 NW2d 26 (1992). To survive a motion for summary disposition under MCR 2.116(C)(7), the plaintiff "must allege facts warranting the application of an exception to governmental immunity." *Smith v Kowalski*, 223 Mich App 610, 616; 567 NW2d 463 (1997). A government, however, may voluntarily subject itself to liability. *Atkins v Suburban Mobility Auth for Regional Transp*, 492 Mich 707, 714; 822 NW2d 522 (2012). The Metropolitan Transportation Authorities Act of 1967, MCL 124.401 *et seq.*, "describes in what manner liability may be imposed on a transportation authority for

---

[1] On May 17, 2023, the circuit court ordered that the case caption be changed to recognize Catrina Brown as personal representative of the estate of Jimmie Lee Brown.

[2] Progressive is not involved in this appeal.

situations involving the operation of a common carrier for hire." *Id*. at 715. This includes the notice provision at issue—MCL 124.419.

Government entities are entitled to immunity from tort liability when they are engaged in governmental functions. *Ray v Swager*, 501 Mich 52, 62; 903 NW2d 366 (2017). Whether SMART is a government entity entitled to governmental immunity under the GTLA is not disputed. Both parties agree that SMART is a government entity. Therefore, plaintiff "must allege facts warranting the application of an exception to governmental immunity." *Smith*, 223 Mich App at 616. Additionally, to avoid governmental immunity in this case, plaintiff must have provided SMART written notice of any claim within 60 days of the incident in question under MCL 124.419, which states:

> All claims that may arise in connection with the transportation authority shall be presented as ordinary claims against a common carrier of passengers for hire: Provided, That written notice of any claim based upon injury to persons or property shall be served upon the authority no later than 60 days from the occurrence through which such injury is sustained and the disposition thereof shall rest in the discretion of the authority and all claims that may be allowed and final judgment obtained shall be liquidated from funds of the authority: Provided, further, That only the courts situated in the counties in which the authority principally carries on its function are the proper counties in which to commence and try action against the authority.

On July 27, 2021, less than 60 days after the incident, plaintiff served a letter on SMART that stated:

> To Whom It May Concern:
>
> Please be advised that this office has been retained by Jimmie Brown with regards to injuries sustained on June 30, 2021. The injuries occurred when one of your buses (SMART Connector Bus) was transporting Mr. Brown failed to wait for Mr. Brown to be seated before aggressively stepping on the gas causing Mr. Brown to violently fall down breaking his hip, fracturing his back, gashing his head and other injuries not yet manifested. The incident occurred at or near 38028 LaChateau Boulevard, Clinton Township, MI.
>
> If you were insured on the date of this incident, please turn this letter over to your insurance carrier. If you were not insured on the date of this incident, please contact the undersigned immediately.
>
> Further, this letter shall also serve as notification of our attorney's lien upon any and all amounts recovered for and/or on behalf of our client which are now due and owing or which may become due or owing in the future. Please direct any future communication to me and do not contact my client directly.

> If we do not hear from you or your insurance company within thirty days of the date of this letter, we shall have no alternative but to pursue litigation in this matter.
>
> Very Truly Yours,
>
> FEMMININEO ATTORNEYS, PLLC
>
> David C. Femminineo

SMART argues that this letter did not meet the requirements of MCL 124.419 because it did not refer to the specific claim or claims which plaintiff intended to pursue against SMART. SMART also contends that the letter did not include any demand for payment based on a legal right, which it argues is required by the statute according to *Atkins*. SMART also posits that the lack of inclusion of a first-party, no-fault benefits claim does not set forth written notice of the claim plaintiff intended to bring.

Plaintiff argues that the letter to SMART satisfied the requirements of MCL 124.419 because it was both timely and provided warning and legal notification of a potential claim and litigation. The content of the letter, when taken in aggregate, gave rise to a tort claim against SMART. Plaintiff contends that SMART was not left to guess whether litigation was coming, which is the legislative intent behind the statute according to *Atkins*. The language of the letter clearly stated that litigation would be pursued.

MCL 124.419 does not define the words notice or claim, however, courts have examined the meanings of each in prior cases. Notice is defined as " '[l]egal notification required by law or agreement.' " *Champine v Dep't of Transp*, 509 Mich 447, 454; 983 NW2d 741 (2022), quoting *Black's Law Dictionary* (11th ed). This is consistent with this Court's interpretation of notice to have the same meaning as service of process under the Michigan Court Rules. *Nuculovic v Hill*, 287 Mich App 58, 66-67; 783 NW2d 124 (2010). This Court defined a claim to mean the "aggregate of operative facts giving rise to a right enforceable by a court." *Id*. at 63. "A claim is not merely an occurrence; it is a demand for payment pursuant to a legal right as a result of that occurrence." *Atkins*, 492 Mich at 720. *Atkins* held that MCL 124.419 required the written notice of ordinary claims for personal injury within 60 days of the underlying occurrence. *Id*. at 716. An ordinary claim is a traditional tort claim arising out of an incident involving a common carrier through which injuries are sustained. *Id*. at 717. *Atkins* determined that the legislative intent of the statute is to prevent common carrier defendants from needing to "anticipate or guess whether a claim will be filed at some point in the future." *Id*. at 721.

We agree with plaintiff's arguments and conclude that plaintiff provided timely written notice to SMART of her claim. The letter was served to SMART on July 27, 2021, 27 days after the incident. The content of the letter included an aggregate of operative facts that gave rise to a third-party tort claim enforceable by a court. The letter detailed the bus accident and the severe injuries that plaintiff sustained. It also included a demand for payment pursuant to that claim, although in language less clear than perhaps preferable, when it notified SMART of the attorney's lien on any and all amounts recovered on behalf of plaintiff. Furthermore, the letter made clear that plaintiff would be pursuing litigation regarding the incident if not resolved within 30 days.

-4-

SMART was not left guessing whether a claim would be filed; the letter indicated a lawsuit would be coming. Therefore, plaintiff properly notified SMART of plaintiff's intent to file a claim within 60 days of the incident as required by MCL 124.419, and survives SMART's motion for summary disposition under MCR 2.116(C)(7). Similarly, because plaintiff gave proper notice under MCL 124.419, SMART is not entitled to judgment as a matter of law, and summary disposition under MCR 2.116(C)(10) is not appropriate.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Allie Greenleaf Maldonado