CITY OF DETROIT v GENERAL MOTORS CORPORATION

CITY OF DETROIT v CHRYSLER CORPORATION

CITY OF DETROIT v AMERICAN STEEL DIVISION OF NATIONAL
STEEL CORPORATION

CITY OF DETROIT v BASF CORPORATION

CITY OF DETROIT v BUDD COMPANY

CITY OF DETROIT v J & L SPECIALTY STEEL, INC

CITY OF DETROIT v MARATHON PETROLEUM COMPANY

Docket Nos. 200479, 206036, 200695, 200696, 200697, 200698, 200699. Submitted October 8, 1998, at Detroit. Decided December 8, 1998, at 9:05 A.M.

The city of Detroit brought actions in the Wayne Circuit Court against General Motors Corporation and six other gas utility users in the city, seeking to collect utility users tax assessments levied against the defendants in the amounts that were upheld by the Commissioner of Revenue when the defendants petitioned for review of the assessments. The assessments were based on a rule promulgated by the Detroit City Council under authority from the City Utility Users Tax Act, MCL 141.1151 et seq.; MSA 5.3188(251) et seq. The assessments were for natural gas transported, but not sold, by the Michigan Consolidated Gas Company (MichCon). Under the city's rule, gas transported by MichCon to users in the city is taxed on the basis of the price that the users would have paid to MichCon had they bought the gas from MichCon. The validity of the city's rule was previously upheld by the Commissioner of Revenue, the Wayne Circuit Court, and the Court of Appeals when it was challenged by the defendants. American Steel Division of Nat'l Steel Corp v Detroit, unpublished opinion per curiam, issued October 28, 1992 (Docket Nos. 126144, 126278, 127577). The Court of Appeals, however, remanded the matter to the commissioner solely for a determination whether retroactive application of the rule to periods before January 1, 1988, would impose an unduly harsh burden. The defendants sought leave to appeal to the Supreme Court, which denied leave, stating that the justices were not persuaded that the questions presented should be reviewed of the Supreme

Court before the proceedings ordered by the Court of Appeals and any further subsequent review by the Court of Appeals. In the collection actions by the city, the court, Carole F. Youngblood, J., granted summary disposition for the city and ordered the defendants to pay the assessments, interest and penalties (as provided by the City Utility Users Tax Act), and attorney fees. The defendants appealed, and their appeals were consolidated.

The Court of Appeals *held*:

1. The Court of Appeals opinion in *American Steel* was a final decision from which the circuit court deciding the city's collection actions could, in deciding the city's motion for summary disposition, conclude that there were no genuine issues of material fact and the city was entitled to judgment as a matter of law. The defendants' expectation of review of *American Steel* by the Supreme Court is mere conjecture and speculation and is insufficient to create a genuine issue of material fact that would bar a grant of summary disposition.

2. The Court of Appeals opinion in *American Steel* is a final adjudication. When the Supreme Court denies leave to appeal after a decision by the Court of Appeals, the Court of Appeals decision becomes the final adjudicati on and may be enforced in accordance with its terms. MCR 7.302(F)(3).

3. The city's actions attempt to collect taxes only for periods after January 1, 1988, and are expressly permitted under the Court of Appeals decision in *American Steel*.

4. The city has authority under the City Utility Users Tax Act to start collection actions. The act mandates compliance with the commissioner's orders within thirty days of their issuance. MCL 141.1174; MSA 5.3188(274). Although the act grants a right of appeal up to ninety days after a commissioner's order, MCL 141.1175; MSA 5.3188(275), that right to appeal does not negate the statutory obligation to comply with a commissioner's order within thirty days.

5. The city's collection actions are not enjoined by a circuit court order entered in a case that was later decided by the Court of Appeals as *Ace Tex Corp v Detroit*, 185 Mich App 609 (1990). In that case, the circuit court allowed the city to issue assessments contingent on a requirement that no utility customer would be forced to pay the assessment until thirty days after an order from the commissioner, provided such order is not further stayed in an appeal there from. Contrary to the defendants' contention, *American Steel* is not still pending and, therefore, does not provide a basis upon which to enjoin the city's collection actions.

Affirmed.

1. Motions and Orders — Summary Disposition — No Genuine Issues of Material Fact.

   A party opposing a motion for summary disposition based on the absence of a genuine issue of material fact and on the moving party's entitlement to judgment as a matter of law must present more than conjecture and speculation to meet its burden of providing evidentiary proof establishing a genuine issue of material fact (MCR 2.116[C][10]).

2. Taxation — City Utility Users Tax — Appeal.

   A taxpayer who appeals a city utility users tax assessment to the Commissioner of Revenue must comply with the commissioner's order within thirty days; the taxpayer's right to appeal the order within ninety days does not negate the taxpayer's obligation to comply with the order within thirty days (MCL 141.1174, 141.1175; MSA 5.3188[274], 5.3188[275]).

*Stanley L. de Jongh,* Principal Assistant Corporation Counsel, for the plaintiff.

*Darke & Wilson* (by *Mark K. Wilson*), for the defendants.

Before: KELLY, P.J., and HOLBROOK, JR., and MURPHY, JJ.

PER CURIAM. These appeals involve challenges to plaintiff's attempts to collect taxes, statutory interest, and statutory penalties pursuant to the City Utility Users Tax Act, MCL 141.801 *et seq.*; MSA 5.3194(301) *et seq.,* which is now codified at MCL 141.1151 *et seq.*; MSA 5.3188(251) *et seq.,* and pursuant to orders of the Commissioner of Revenue. The factual and procedural background of these cases is identical; therefore, pursuant to this Court's own motion, these cases have been consolidated on appeal. Defendants appeal as of right orders entered by the circuit court granting summary disposition to plaintiff. We affirm.

The underlying facts of these cases are not in dispute. The City Utility Users Tax Act, which was first

enacted in 1970, permits Michigan cities with populations of at least one million residents to levy and collect a five percent utility use tax. MCL 141.802; MSA 5.3194(302), MCL 141.1152(1); MSA 5.3188(252)(1). Pursuant to the statute, plaintiff adopted the Utility Users Tax Ordinance, under which it collected a tax on natural gas used within its boundaries.

Until 1985 state law provided that Detroit-area users were allowed to purchase natural gas only from Michigan Consolidated Gas Company (MichCon). In 1985, the natural-gas industry underwent deregulation. Users were then allowed to purchase gas from other sources, including an interstate pipeline service that would transport the gas to a local distributor. In 1986, MichCon entered into contracts with some of its customers under which MichCon would serve as their local distributor of natural gas. MichCon would transport the gas purchased by the customer from another supplier from a MichCon station to the customer within the Detroit city limits. In conjunction with supplying the customers with non-MichCon gas, MichCon charged its customers a transportation charge. Subsequently MichCon would bill its customers for the utility use tax based on the transportation charge. As a result, plaintiff was receiving a tax remittance for the transportation charge and not the price of the gas itself.

Pursuant to its authority under the City Utility Users Tax Act to adopt rules relating to the administration and enforcement of the act, MCL 141.825(1); MSA 5.3194(325)(1), plaintiff's city council passed a rule requiring MichCon to bill its transportation customers for the tax based on the price the customers would have paid for the transported gas had they pur-

chased it from MichCon. This rule was adopted on December 9, 1987, and published in the *Detroit Legal News* on December 11, 1987.[1]

Defendants appealed the validity of the rule to the Commissioner of Revenue pursuant to MCL 141.834; MSA 5.3194(334). The commissioner found the rule to

---

[1] The rule passed by the Detroit City Council included the following provisions:

(1) With respect to the natural gas utility users within the City of Detroit, the subject matter of the utility users tax is and continues to be the use of such natural gas as provided by the local public utility, Michigan Consolidated Gas Company, through the mains and pipes of the utility system within the City of Detroit.

(2) For all the natural gas utility use, other than that which is excepted under the Ordinance, the measurement of the tax is and continues to be based upon the greater of the amounts (1) paid, (2) billed or (3) ordinarily billable to such natural utility users within the City. In any instance where separate amounts, as a result of federal deregulation, are paid for the source and transportation of natural gas, "ordinarily billable" shall mean such total amount as would have been charged by Michigan Consolidated Gas Company for such quantity of gas in accordance with the rates for such type user as prescribed by the Michigan Public Service Commission.

(3) With respect to natural gas utility users whom the Administrator determines have not paid a utility users tax through December 31, 1987 on the subject matter and measurement standards set forth above, the Administrator shall issue proposed assessments in accordance with Section 18-11-9 of the Ordinance. Subject to the taxpayers' rights under the Ordinance, upon receipt of final assessment the taxpayer shall remit to the City of Detroit all taxes due, including penalties and interest, as indicated in the assessment. The Administrator shall have full authority under the Ordinance and the Act to settle and resolve natural gas utility users taxes for the periods through December 31, 1987, including the power to make final determinations on tax period and measurements disputes, and the right to waive interest and penalties on all such taxes paid within a timely period of assessment.

(4) For all tax periods on and after January 1, 1988, Michigan Consolidated Gas Company or any other public utility providing natural gas within the City of Detroit shall collect and remit the natural gas utility users tax in accordance with Section 18-11-4 of the Ordinance, including the tax subject matter and measurement standards set forth above.

be valid with the exception of paragraph 2, which the commissioner held impermissibly expanded the tax base by providing alternative standards of measurement not contemplated by the statute. The circuit court affirmed the commissioner's opinion modifying it only to the extent that the opinion could be read as specifically invalidating paragraph 2 of plaintiff's rule. Further, the circuit court did remand to the commissioner for the sole purpose of determining whether retroactive application of the rule to periods before January 1, 1988, would impose an unduly harsh burden on the petitioners. This Court affirmed the decision of the circuit court, thus remanding to the commissioner solely to determine whether retroactive application would be unduly harsh. See *American Steel Division of National Steel Corp v Detroit*, unpublished opinion per curiam of the Court of Appeals, issued October 28, 1992 (Docket Nos. 126144, 126278, 127577). In an order dated September 14, 1993, the Supreme Court denied petitioners' application for leave to appeal because the Court was "not persuaded that the questions presented should be reviewed by this Court prior to the proceedings ordered by the Court of Appeals and any further subsequent review by the Court of Appeals."[2]

Plaintiff filed the instant complaints against defendants on October 21, 1996. Plaintiff has issued proposed assessments to each defendant for the period of January 1, 1988, through December 31, 1993. After receiving the assessments, defendants filed a com-

---

[2] The reason for denial by the Supreme Court of leave to appeal appears in the order filed with the Supreme Court Clerk, but does not appear in the denial of leave reported at 443 Mich 885 (1993). Pursuant to MCR 7.321, reasons for denying leave to appeal are not published.

plaint with the City Tax Administrator and received final assessments. Defendants then petitioned the Commissioner of Revenue for a review of the final assessments. On August 29, 1996, the commissioner granted plaintiff's motions for summary disposition against defendants. Plaintiff then asked the circuit court to enter judgment in its favor in the amount stated by the commissioner with additional interest, penalties, and attorney fees as deemed appropriate. On October 21, 1996, plaintiff also filed motions for summary disposition against defendants. On January 2, 1997, the circuit court entered orders granting summary disposition to plaintiff in all of the cases now being appealed. Defendants appeal as of right pursuant to MCR 7.204.

This Court reviews a grant of a motion for summary disposition de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion brought under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. *Id.* Giving the benefit of reasonable doubt to the nonmoving party, this Court must determine whether a record might be developed that would result in an issue upon which reasonable minds could differ or if the moving party is entitled to judgment as a matter of law. *Henderson v State Farm Fire & Casualty Co*, 225 Mich App 703, 708; 572 NW2d 216 (1997).

Defendants first argue that the circuit court erred in granting summary disposition because this Court's *American Steel* opinion was not a final decision.[3]

---

[3] In *American Steel,* this Court upheld plaintiff's rule that utility users who contracted with Michigan Consolidated Gas Company to transport their natural gas from the utility's gate station to the customer's facility within Detroit would be taxed as if they had purchased the gas from the

Defendants base this argument on the wording of the Supreme Court's order denying the *American Steel* petitioners' application for leave to appeal, in which the Court said that it was "not persuaded that the questions presented should be reviewed by this Court prior to the proceedings ordered by the Court of Appeals and any further subsequent review by the Court of Appeals." Defendants contend that this order clearly indicates that the Supreme Court will determine if it will review the question whether the City Utility Users Tax Act is ambiguous, an issue raised by the petitioners in their application to the Supreme Court, after the remand proceedings are complete. We disagree.

The Supreme Court's order unequivocally denies the petitioners' application for leave to appeal the Court of Appeals decision. Although the language of the order leaves open the possibility that the Supreme Court will entertain some future appeal in this matter, the reasons given by the Supreme Court for denying application for leave to appeal are not published "and are not to be regarded as precedent." MCR 7.321. Defendants base this argument on their speculations about future actions this Court or the Supreme Court might take in *American Steel, supra,* or related cases. "[P]arties opposing a motion for summary disposition must present more than conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact."

---

utility. The panel also upheld retroactive application of the rule to periods before January 1, 1988, but remanded to the Commissioner of Revenue solely to determine if such retroactive application would be unduly harsh to the petitioners.

*Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993).

Moreover, defendants are incorrect in suggesting that this Court's *American Steel* decision is not a final adjudication. Decisions of the Court of Appeals are final except as reviewed by the Supreme Court. *City National Bank of Detroit v Westland Towers Apartments*, 152 Mich App 136, 148; 393 NW2d 554 (1986); MCR 7.201(D). The judgment of the Court of Appeals as rendered in an opinion becomes effective after the expiration of the time for filing a timely application for leave to appeal to the Supreme Court, or, if a timely application has been filed, after the disposition of the case by the Supreme Court. MCR 7.215(E)(1)(a). When the Supreme Court denies leave to appeal after a decision from this Court, "the Court of Appeals decision becomes the final adjudication and may be enforced in accordance with its terms." MCR 7.302(F)(3).

Because the *American Steel* panel also affirmed the circuit court's holding that retroactive application of plaintiff's rule to periods before January 1, 1988, was valid, the remand is limited to the issue whether such application would be unduly harsh. "The power of a lower court on remand is to take such action as law and justice require that is not inconsistent with the judgment of the appellate court." *McCormick v McCormick*, 221 Mich App 672, 679; 562 NW2d 504 (1997). In these actions, plaintiff attempts to collect taxes only for periods after January 1, 1988. Thus, plaintiff's collection actions are expressly permitted under this Court's *American Steel* decision.

Defendants also argue that plaintiff had no authority under the statute to start a collection action based

on the revenue commissioner's order. Again, we disagree. The City Utility Users Tax Act plainly contemplates compliance with the commissioner's final orders within thirty days of their issuance. MCL 141.1174; MSA 5.3188(274). Defendants' alternate contention that they brought their appeals pursuant to MCL 141.1153; MSA 5.3188(253) does not aid their argument on appeal because MCL 141.1154; MSA 5.3188(254) also plainly provides a thirty-day deadline for compliance with a commissioner's order. Although defendants correctly assert that they have a statutory right to appeal the commissioner's order to the circuit court within ninety days, MCL 141.1175; MSA 5.3188(275), the right to appeal does not negate the statutory obligation to comply with the commissioner's orders within thirty days.

Next, defendants argue that plaintiff's collection actions against them are enjoined by an order entered by the circuit court in a case later decided by this Court as *Ace Tex Corp v Detroit*, 185 Mich App 609; 463 NW2d 166 (1990). In 1988, the circuit court entered an order allowing plaintiff to issue proposed and final assessments under its rule contingent on the requirement that no utility customer would be forced to pay the assessment until thirty days after an order from the Commissioner of Revenue, "provided such Order is not further stayed pending an appeal therefrom." Defendants contend that because the appeal of *American Steel* is still pending, the circuit court order precludes plaintiff's collection attempts. This argument is without merit. As we noted above, *American Steel* is a final adjudication of the issues presented, including the validity of plaintiff's assessment and collection of taxes on the natural gas defendants pur-

chased from other sources after January 1, 1988, and transported to their facilities in Detroit through a contract with Michigan Consolidated Gas Company.

Affirmed.