# STATE OF MICHIGAN

# COURT OF APPEALS

DEBRA FIELDS,

Plaintiff-Appellant,

v

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORT d/b/a SMART and
DAVID EARL GIBSON,

Defendants-Appellees.

FOR PUBLICATION
June 25, 2015
9:05 a.m.

No. 318235
Wayne Circuit Court
LC No. 12-014330-NI

Before: DONOFRIO, P.J., and FORT HOOD and SHAPIRO, JJ.

DONOFRIO, P.J.

This case arises out of a bus-automobile crash that occurred on April 17, 2010. Plaintiff was operating the automobile, and the bus was owned by defendant Suburban Mobility Authority for Regional Transport (SMART), a regional transportation authority, and driven by defendant David Gibson. Plaintiff filed suit, alleging that the SMART driver's negligence caused her injuries. The trial court granted summary disposition in favor of defendants on the basis of plaintiff not meeting the notice requirements of MCL 124.419, and plaintiff appeals as of right. Because defendant SMART was not provided with written notice of plaintiff's claim within 60 days of the accident, we affirm.

## I. STANDARDS OF REVIEW

The grant or denial of summary disposition is reviewed de novo to determine whether the moving party is entitled to judgment as a matter of law. *Bennett v Detroit Police Chief*, 274 Mich App 307, 310; 732 NW2d 164 (2006). "MCR 2.116(C)(7) tests whether a claim is barred because of immunity granted by law, and requires consideration of all documentary evidence filed or submitted by the parties." *Haliw v Sterling Heights*, 464 Mich 297, 301-302; 627 NW2d 581 (2001) (quotation marks omitted). When deciding a motion for summary disposition under MCR 2.116(C)(7), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in a light most favorable to the nonmoving party. MCR 2.116(G)(5); *Herman v Detroit*, 261 Mich App 141, 143-144; 680 NW2d 71 (2004). "'If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide.'" *Moraccini v Sterling Heights*, 296 Mich App 387, 391; 822 NW2d 799 (2012), quoting *RDM Holdings, Ltd v Continental Plastics*

*Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008).  "But when a relevant factual dispute does exist, summary disposition is not appropriate." *Moraccini*, 296 Mich App at 391.  To the extent that questions of statutory interpretation are present, we review those de novo. *Aichele v Hodge*, 259 Mich App 146, 152; 673 NW2d 452 (2003).

## II.  NOTICE UNDER MCL 124.419

Plaintiff contends that the trial court erred in granting defendants' motion for summary disposition because she provided the requisite notice under MCL 124.419.

> Generally, governmental agencies in Michigan are statutorily immune from tort liability.  However, because the government may voluntarily subject itself to liability, it may also place conditions or limitations on the liability imposed.  Statutory notice provisions are a common means by which the government regulates the conditions under which a person may sue governmental entities.  It is well established that statutory notice requirements must be interpreted and enforced as plainly written and that no judicially created saving construction is permitted to avoid a clear statutory mandate.  [*Atkins v Suburban Mobility Auth for Regional Transp*, 492 Mich 707, 714-715; 822 NW2d 522 (2012) (citations omitted).]

"The Metropolitan Transportation Authorities Act[, MCL 124.401 *et seq.*,] describes in what manner liability may be imposed on a transportation authority for situations involving the operation of a common carrier for hire." *Id.* at 715.  In this Act, MCL 124.419 provides the following notice provision:

> All claims that may arise in connection with the transportation authority *shall be presented as ordinary claims* against a common carrier of passengers for hire: Provided, That *written notice* of any claim based upon injury to persons or property *shall be served* upon the authority no later than 60 days from the occurrence through which such injury is sustained . . . .  [Emphasis added.]

Hence, in order to bring a claim in derogation of governmental immunity, this statute requires that any such claims must "be presented as 'ordinary claims' against the common carrier involved." *Atkins*, 492 Mich at 715.  Further, if the claim involves injury to person or property, written notice of the claim must be served on the authority within 60 days of the injury. *Id.*; *Nuculovic v Hill*, 287 Mich App 58, 63; 783 NW2d 124 (2010).

In *Nuculovic*, this Court rejected the plaintiff's claim that proper notice was given because SMART received a copy of the police report and accident reports prepared by the operator of the bus and his supervisor. *Nuculovic*, 287 Mich App at 66.  The Court concluded that, even though SMART had possession of police reports and reports prepared by SMART's employees, the plaintiff failed to formally deliver (serve) notice of her claim to SMART and, therefore, the statutory notice requirement was not satisfied. *Id.* at 68.  While the Court did reference the court rules when analyzing what it meant to "serve," we do not believe it was requiring strict compliance with those rules as the only way to comply with MCL 124.419.  Instead, it used those rules as examples of how formal delivery could occur. *Id.* at 66-67.  As a

result, while strict compliance with the court rules may not necessarily be required, some kind of "formal delivery" nonetheless is required. *Id.* at 67-68; see also *Atkins*, 492 Mich at 721.

The rule announced in *Nuculovic* that a plaintiff cannot rely on the internal documents of a defendant transportation authority is sound. The relevant definition of "delivery" in the context of "to serve" is "to give into *another's* possession or keeping." *Random House Webster's College Dictionary* (1997) (emphasis added). Thus, it is clear that a party cannot deliver something to itself; it must deliver to another party. Consequently, a party's internal creation and handing of its own documents cannot constitute a "delivery" or "service" under MCL 124.419. *Nuculovic*, 287 Mich App at 68; see also *Atkins*, 492 Mich at 721 (stating that not requiring a plaintiff to provide the written notice subverts the intent of the Legislature because it would require SMART to anticipate and divine when an injured person is likely to file a suit and then notify itself of this determination).

As a result, plaintiff's claim similarly fails because there is no evidence that the documents she relied on in opposing defendants' motion for summary disposition were anything other than SMART's internal documents or police reports. At the trial court, plaintiff claimed in her response to defendants' motion for summary disposition that the following demonstrated that she complied with MCL 124.419:

> In addition to the report that is dated May 10, 2010 and presumed to be in the possession of Defendant SMART, SMART employees Otis Daniel and Jacqueline Owens both responded to the accident scene and completed an accident report detailing their findings. **(Ex. C)**. Moreover, and more importantly, an additional SMART accident report was taken, which was time-stamped May 10, 2010, well within the 60-day statutory requirement. **(Ex. D.)**

Plaintiff's Exhibit C, indeed, is a "Road Supervisor's Accident Investigation Report," and is the type of internal report that this Court has expressly rejected as being able to constitute written notice under MCL 124.419. *Nuculovic*, 287 Mich App at 66, 68. The first page of plaintiff's Exhibit D is titled "SMART Transit Accident Report," and the second page has a heading "SMART Claimant and Injured Report." Thus, it appears that these also are internal documents and cannot be used to serve written notice of a claim under MCL 124.419. *Id.*

Plaintiff also argued at the trial court that her phone call within three weeks of the accident to SMART's insurer constituted notice under the statute. However, because the statute requires *written* notice, clearly a conversation over a phone call cannot satisfy the notice requirement. Plaintiff then avers that

> [t]his telephone conversation was presumably memorialized in some written form by Defendant SMART's employee giving Defendant SMART notice that Plaintiff intended to file a claim and what that claim would be.

Importantly, plaintiff provided no evidence that any document was generated from this phone call. "'[P]arties opposing a motion for summary disposition must present more than conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact.'" *Detroit v Gen Motors Corp*, 233 Mich App 132, 139; 592 NW2d 732 (1998),

quoting *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993).

Because plaintiff provided no evidence that she (or anyone else) formally delivered or served notice of her claim on SMART within 60 days of the accident, she failed to establish that the statutory notice requirement was satisfied. See *Nuculovic*, 287 Mich App at 68. This case also is analogous to *Smith v Suburban Mobility Auth for Regional Transp*, unpublished opinion per curiam of the Court of Appeals, issued December 16, 2010 (Docket No. 294311), rev'd 493 Mich 906 (2012). In *Smith*, our Supreme Court adopted the dissenting opinion of Judge METER, who would have held that plaintiff's claims were barred because he admitted that he never sent written notice to SMART. *Smith*, dissenting unpub op at 2 (METER, J., dissenting). Just like in *Smith*, plaintiff in the instant case admitted that she never sent any written notice of any claim to SMART within 60 days of the accident.

We also note that the Exhibit D that plaintiff relied on, which was a form that labeled plaintiff as a "claimant," would have been insufficient under MCL 124.419 even if the document was not a SMART internal document because it did not give notice that an "ordinary claim" was being pursued. While plaintiff's name is listed next to the label "claimant," the document does not disclose that plaintiff is intending to pursue any actual claim, let alone an "ordinary claim," as opposed to a no-fault claim. See *Atkins*, 492 Mich at 717-718 (noting differences between ordinary claims and first-party no-fault claims). In other words, the word "claimant," *with nothing more*, does not give notice as to what type of claim a plaintiff may be pursuing. The concurrence's suggestion that the statute does not require *any* specifics in the notice has been rejected by our Supreme Court. In *Atkins*, the plaintiff provided written notice that he was seeking first-party no-fault benefits. This Court held that this written notice, along with all the aggregate information available to SMART, was sufficient to allow SMART to have notice that an ordinary tort claim also could be pursued and reasoned that

> [MCL 124.419] only requires notice of "a" claim, which it defined as the aggregate of operative facts giving rise to an enforceable right. As a result, reasoned the Court of Appeals, the statute only requires notice without any additional specific requirements of what information must be included. [*Atkins*, 492 Mich at 712-713, citing *Atkins v Suburban Mobility Auth for Regional Transp*, unpublished opinion per curiam of the Court of Appeals, issued October 22, 2009 (Docket No. 288461), pp 2-3.]

But the Supreme Court reversed and held that written notice of a no-fault claim was insufficient to provide notice of a tort or "ordinary" claim. *Atkins*, 492 Mich at 718-720. Thus, the logical import from *Atkins* is that notice must be somewhat specific, at least with respect to the type of claim, and notice for one type of claim is insufficient to be notice for another type of claim. Here, looking past the fact that the document at issue was never delivered to SMART, the word

-4-

"claimant," with nothing more, does not provide sufficient detail regarding what type of claim, if any, she is pursuing, and it is therefore insufficient to provide notice under MCL 124.419.[1]

### III. PREJUDICE

Next, plaintiff argues that even if the statutory notice requirements were not met, summary disposition was not warranted because defendants were not prejudiced. This argument, however, is without merit. In *Trent v Suburban Mobility Auth for Regional Transp*, 252 Mich App 247, 253; 651 NW2d 171 (2002), abrogated by *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 213; 731 NW2d 41 (2007) and *McCahan v Brennan*, 492 Mich 730, 733, 746-747; 822 NW2d 747 (2012), this Court held that a governmental agency asserting a statutory notice provision must show actual prejudice. However, the Michigan Supreme Court disavowed this holding, noting that the Court "has since held that when the Legislature specifically qualifies the ability to bring a claim against the state or its subdivisions on a plaintiff's meeting certain requirements that the plaintiff fails to meet, no saving construction—such as requiring a defendant to prove actual prejudice—is allowed," and also noting that the cases on which *Trent* relied were overruled. *Atkins*, 492 Mich at 719 n 21. Because "statutory notice requirements must be interpreted and enforced as plainly written," *id*. at 714-715, a showing of prejudice is not required, and the trial court properly granted defendants' motion for summary disposition.

### IV. CONCLUSION

In sum, in responding to defendants' motion for summary disposition, plaintiff argued that the statute was satisfied by relying solely on police reports and SMART's internal documents. As these types of documents are inadequate to constitute served, written notice of a claim, the trial court properly granted defendants' motion for summary disposition. See *Nuculovic*, 287 Mich App at 68. Since no evidence was provided that someone other than SMART created the documents at issue, we need not address whether a writing from someone other than plaintiff or SMART, such as SMART's insurer, would have satisfied the statute.

Affirmed. Defendants, as the prevailing parties, may tax costs pursuant to MCR 7.219.

/s/ Pat M. Donofrio
/s/ Karen Fort Hood

---

[1] We note that our holding does not require a plaintiff to use any particular magic words such as "ordinary tort claim," "ordinary claim," or "tort claim." Instead, the written notice simply must, somehow, convey to the defendant authority the nature of the claim.