*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FLINT REGION ASC, LLC, MICHIGAN CLINIC NEUROSURGERY, PLLC, and KENNIES BUSH,

Plaintiffs-Appellants,

v

EVEREST NATIONAL INSURANCE COMPANY and MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY,

Defendants,

and

PROGRESSIVE MARATHON INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
June 22, 2023

No. 361715
Oakland Circuit Court
LC No. 2020-182331-NF

Before: MARKEY, P.J., and JANSEN and K. F. KELLY, JJ.

PER CURIAM.

Plaintiffs, Flint Region ASC, LLC, and Michigan Clinic Neurosurgery, PLLC, appeal as of right from the June 8, 2022 order, which dismissed plaintiffs' claims against defendant, Michigan Automobile Insurance Placement Facility (MAIPF).[1] On appeal, plaintiffs challenge the trial court's April 13, 2022 order, which granted defendant's, Progressive Marathon Insurance Company's, motion for summary disposition. We affirm.

---

[1] Only Flint Region ASC, LLC, and Michigan Clinic Neurosurgery, PLLC, will be referred to as "plaintiffs" in this opinion. Kennies Bush did not independently bring suit against Progressive Marathon Insurance Company in relation to this particular case.

## I. BACKGROUND

Kennies Bush was involved in motor vehicle accidents in November 2017, and December 2017. Bush, who was insured by Progressive at the time, allegedly sustained injuries to his back and neck. He received medical treatment and replacement care services. Progressive paid personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq.* In December 2018, Bush was involved in another motor vehicle accident. At that time, Bush was insured by defendant, Everest National Insurance Company. After the accident, Bush allegedly experienced increased pain and continued to receive replacement care services. Bush also received medical treatment, including chiropractic care and physical therapy. Bush ultimately had surgery on his neck and back through plaintiffs.

Plaintiffs, as assignees of Bush, filed suit against Progressive, Everest, and the MAIPF after they failed to pay PIP benefits in relation to Bush's surgical procedures. Bush was deposed during the proceedings. Progressive moved for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and (C)(10) (no genuine issue of material fact), arguing that the services provided by plaintiffs related to the motor vehicle accident that occurred in December 2018. Progressive noted Bush testified "his injuries from his 2017 accidents were completely different from his injuries from the December 12, 2018, accident, and that [a physician told him] the 2018 accident caused a nerve to press against his spine necessitating the procedures at issue." Progressive further argued that because Bush was only insured by Everest at the time of the 2018 accident, Progressive was not liable under MCL 500.3114. In response, plaintiffs argued genuine issues of material fact existed because Bush injured his neck and back in the 2017 accidents, and continued to receive treatment for those injuries in the time leading up to the December 2018 accident.

After hearing oral arguments, the trial court granted summary disposition in favor of Progressive in an April 13, 2022 order. The trial court also granted summary disposition in favor of Everest and MAIPF, which had filed their own motions for summary disposition for reasons that differed from those raised by Progressive, in separate orders. Plaintiffs moved for reconsideration, and the trial court denied the motion in a May 10, 2022 order. This appeal followed.

## II. JURISDICTION

At the outset, we must address a jurisdictional issue. Progressive argues this Court lacks jurisdiction because the claim of appeal was not timely filed. According to Progressive, plaintiffs are actually appealing from the order entered on May 10, 2022, which is the order denying plaintiffs' motion for reconsideration of the order granting Progressive's motion for summary disposition, not the June 8, 2022 order, which granted MAIPF's motion for summary disposition. Progressive's jurisdictional argument is without merit.

This Court only has jurisdiction over appeals by right from certain kinds of final orders, MCR 7.203(A); *Wardell v Hincka*, 297 Mich App 127, 131; 822 NW2d 278 (2012), and nonfinal orders can only be appealed by leave granted, MCR 7.203(B). To vest jurisdiction, an appellant must timely file the claim of appeal and the entry fee. MCR 7.204(B). MCR 7.202(6)(a)(*i*) defines "final order" as "the first judgment or order that disposes of all the claims and adjudicates the

rights and liabilities of all the parties. . . ." In a civil case, the claim of appeal must be filed within 21 days "from the entry of . . . the judgment or order appealed from[.]" MCR 7.204(A)(1).

The trial court's April 13, 2022 order granted summary disposition in favor of Progressive, and the May 10, 2022 order denied plaintiffs' motion for reconsideration of that decision. However, plaintiffs' claims against MAIPF were still pending. Thus, the orders were not final orders. The June 8, 2022 order is the final order because it dismissed plaintiffs' claims against MAIPF, which were the only remaining claims, and closed the case. See *Bailey v Antrim Co*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357838); slip op at 3. Plaintiffs filed the claim of appeal from that order on June 8, 2022. Because the claim of appeal was timely, we have jurisdiction to consider the issues raised on appeal. Importantly, "[w]here a party has claimed an appeal from a final order, the party is free to raise on appeal issues related to other orders in the case." *Bonner v Chicago Title Ins Co*, 194 Mich App 462, 472; 487 NW2d 807 (1992).

### III. THE TRIAL COURT'S DECISION TO GRANT SUMMARY DISPOSITION

Plaintiffs argue the trial court erred by granting summary disposition in favor of Progressive. We disagree.

### A. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Bailey*, ___ Mich App at ___; slip op at 5.[2]

> A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (quotation marks, citations, and emphasis omitted).]

"The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10)." *Ass'n of Home Help Care Agencies v Dep't of Health & Human Servs*, 334 Mich App 674, 684 n 4; 965 NW2d 707 (2020) (quotation marks and citation omitted). "Like the trial court's inquiry, when an appellate court reviews a motion for summary

---

[2] The trial court did not state whether it was granting summary disposition under MCR 2.116(C)(8) or (C)(10). However, the parties relied on documentary evidence, and it appears the trial court relied on documentary evidence to support its decision. Accordingly, MCR 2.116(C)(10) is the appropriate basis for review. See *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012); *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 582; 794 NW2d 76 (2010).

disposition, it makes all legitimate inferences in favor of the nonmoving party." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994).

## B. ANALYSIS

When the nonmoving party bears the burden of proof on an essential element of the claim, the moving party may seek summary disposition under MCR 2.116(C)(10) by: (1) demonstrating the nonmoving party will be unable to meet that burden, or (2) submitting affirmative evidence that negates that element. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016). If the nonmoving party fails to respond with evidence establishing a material factual dispute regarding the challenged element, summary disposition is appropriate. *Id*. A party seeking no-fault benefits bears the burden of proving entitlement to the claimed benefits. See *Shelton v Auto-Owners Ins Co*, 318 Mich App 648, 655; 899 NW2d 744 (2017). Thus, as Bush's assignee, plaintiffs had the burden of proving they were entitled to payment for the services they rendered. See *Professional Rehabilitation Assocs v State Farm Mut Auto Ins Co*, 228 Mich App 167, 177; 577 NW2d 909 (1998) (noting that medical-provider assignee stands in the shoes of the insured assignor and "acquires the same rights as the assignor possessed").

Among other things, no-fault claimants, such as plaintiffs, must prove causation. Indeed, "a no-fault insurer is liable to pay benefits only to the extent that the claimed benefits are causally connected to the accidental bodily injury arising out of an automobile accident." *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 531; 697 NW2d 895 (2005). "It is not just any bodily injury that triggers an insurer's liability under the no-fault act. Rather, it is only those injuries that are caused by the insured's use of a motor vehicle." *Id*.

With respect to what evidence can be considered when deciding a motion for summary disposition, "affidavits, depositions, admissions, or other documentary evidence may be submitted by a party to support or oppose the grounds asserted in [a] motion" for summary disposition. MCR 2.116(G)(2). The evidence offered in support or opposition to summary disposition need not be admissible in "form." *Maiden v Rozwood*, 461 Mich 109, 124 n 6; 597 NW2d 817 (1999) (quotation marks and citation omitted). Rather, "it must be admissible in content." *Id*. (quotation marks and citation omitted). See also *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 441; 814 NW2d 670 (2012) (evidence submitted to support or oppose a motion for summary disposition must be substantively admissible).

Plaintiffs argue that the portion of Bush's deposition testimony that the trial court relied on when granting Progressive's motion for summary disposition constitutes inadmissible hearsay and could not be considered by the trial court when deciding that motion. Specifically, plaintiffs point to Bush's testimony that "he was told by his physician that a nerve was pressing up against his neck and that it would require surgery." " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). "A 'statement' is [] an oral or written assertion . . . , if it is intended by the person as an assertion." MRE 801(a). "A 'declarant' is a person who makes a statement." MRE 801(b). Bush's statement that a physician said he required surgery because of the 2018 motor vehicle accident would undoubtedly be offered to prove the truth of the matter asserted, i.e., the claimed benefits are not causally connected to the accidental bodily injury arising out of the

2017 accidents. Thus, Bush's testimony about his physician's alleged statement amounts to hearsay and could not be considered when deciding the motion for summary disposition.

With respect to whether the substantively admissible evidence supported granting summary disposition, "[l]iability for no-fault personal protection benefits is governed by MCL 500.3105." *Detroit Med Ctr v Progressive Mich Ins Co*, 302 Mich App 392, 394; 838 NW2d 910 (2013) (quotation marks and citation omitted). MCL 500.3105(1) states: "Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle. . . ." Accordingly, MCL 500.3105(1) imposes two threshold causation requirements for PIP benefits:

> "First, an insurer is liable only if benefits are '*for* accidental bodily injury. . . .' '[F]or' implies a causal connection. '[A]ccidental bodily injury' therefore triggers an insurer's liability and defines the scope of that liability. Accordingly, a no-fault insurer is liable to pay benefits only to the extent that the claimed benefits are causally connected to the accidental bodily injury arising out of an automobile accident.
>
> Second, an insurer is liable to pay benefits for accidental bodily injury only if those injuries 'aris[e] out of' or are caused by 'the ownership, operation, maintenance or use of a motor vehicle. . . .' It is not *any* bodily injury that triggers an insurer's liability under the no-fault act. Rather, it is only those injuries that are caused by the insured's use of a motor vehicle." [*Douglas v Allstate Ins Co*, 492 Mich 241, 257; 821 NW2d 472 (2012), quoting *Griffith*, 472 Mich at 531 (alterations in original).]

The central issue is whether the 2020 and 2021 surgeries were necessitated, at least in part, because of the alleged injuries Bush sustained in the 2017 accidents. We conclude that plaintiffs failed to meet their burden to prove that a material question of fact exists. Plaintiffs relied on the testimony of Bush, which is insufficient to create a question of fact whether the injuries arising from the 2017 accidents and the 2018 accident were the same.

Bush testified he injured, in relevant part, his neck and "lower part and middle part of [his] back" in the November 2017 accident. Bush testified he also injured his back and neck in the December 2017 accident. According to Bush, before the December 2018 accident, he experienced sharp pains and "nagging and aching" pain in his neck. Additionally, between the 2017 accidents and the December 2018 accident, Bush took Percocet. The dose did not increase after the December 2018 accident. When asked what part of his body "was in pain prior to the December 2018 accident" that required taking Percocet, Bush responded: "My neck, my knee and my shoulder. . . ." Bush testified he experienced pain that "generate[d] down both [of his] legs." Bush also testified his movement was limited before the December 2018 accident. Specifically, when asked about his "disabilities from the 2017 accident," Bush responded he was not supposed to drive, lift anything, or "reach over [his] head." Bush also could not walk for long distances, sit for long periods of time, or do housework. Before December 2018, Bush received treatment at Pain Specialists for his back pain and had "injections" in his back. According to Bush, the pain "from the injuries" he allegedly sustained in 2017 never fully resolved before the December 2018 accident. Rather, the pain "subsided" because Bush "was going to physical therapy, [and] taking

pain medication . . . ." Additionally, according to Bush, at the time of the December 2018 accident, he was still receiving "household replacement services."

Progressive properly notes that parties cannot rely on speculation and conjecture to survive a motion for summary disposition and establish causation. See *Detroit v Gen Motors Corp*, 233 Mich App 132, 139; 592 NW2d 732 (1998); *Skinner*, 445 Mich at 164. Bush was not speculating; however, as Progressive notes, plaintiffs presented no professional determinations, records, or diagnostics to prove its contention that Bush's alleged injuries were caused in part by the 2017 accidents. Plaintiffs relied on Bush's testimony and billing invoices to oppose summary disposition. At oral argument, plaintiffs' counsel conceded that Bush "is not a medical doctor so his analysis of whether the nerve was pinching his spine now or what necessitated the surgery is not really something that can be used to, you know, insure that Progressive no longer has coverage or to say that it's a new injury. That's something that we would leave for the medical doctors to discuss, our expert witnesses." But plaintiff offered no medical records or expert medical testimony to oppose the motion. When viewing the evidence in a light most favorable to plaintiffs and making all reasonable inferences in their favor, we cannot conclude that based on plaintiff's testimony alone, a genuine issue of material fact exists. Therefore, summary disposition was properly granted in favor of Progressive.

Affirmed.

/s/ Jane E. Markey
/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly